|  |  |
|---|---|
| DANE DANIEL, JAMES GURTNER, and DEANNA NEASON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>JAKE LOUIS FRUGE, IAN JAMES PRUKNER, BRAD ROMERO, MELTON WEAVER, AND PFS INVESTMENTS INC.,<br><br>*Defendants.* | Case No.: 4:25-cv-04857<br><br>Hon. Keith P. Ellison |

## DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(6) AND 12(b)(3)

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

ARGUMENT .......................................................................................................................1

    I.     Plaintiffs' Theories of Specific Personal Jurisdiction Fail. .................................... 1

    II.    Plaintiffs' Causes of Action Against PFSI Fail. ...................................................... 4

          A.     Plaintiffs Cannot Salvage Their Control Person Claims Under the TSA. ..................................................................................................................... 4

          B.     Plaintiffs Fail to State a Claim for Aiding and Abetting. ........................... 6

          C.     Plaintiffs Fail to Plead Negligence. ........................................................... 7

          D.     Plaintiffs' Fraud Claim is Not Recognized in Texas. ................................. 8

    III.    Plaintiff Daniel Cannot Evade His Obligation to Arbitrate His Claims. ................. 9

CONCLUSION...................................................................................................................10

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Adeniyi v. ContinuumRx, Inc.*,
2025 WL 2176521 (S.D. Tex. July 10, 2025).................................................................2

*Ahders v. SEI Priv. Tr. Co.*,
982 F.3d 312 (5th Cir. 2020) ........................................................................................4

*Barnes v. SWS Fin. Servs., Inc.*,
97 S.W.3d 759 (Tex. Ct. App. 2003) .............................................................................5

*Callier v. Wide Merch. Inv., Inc.*,
671 F. Supp. 3d 736 (W.D. Tex. 2023)..........................................................................3

*Carmona v. Leo Ship Mgmt., Inc.*,
924 F.3d 190 (5th Cir. 2019) ........................................................................................2

*Coleman v. Klockner & Co. AG*,
180 S.W.3d 577 (Tex. App. 2005)..................................................................................3

*Crescendo Inv., Inc. v. Brice*,
61 S.W.3d 465 (Tex. App. 2003)....................................................................................7

*Diamond Beach Owners Ass'n v. Stuart Dean Co.*,
2018 WL 7291722 (S.D. Tex. Dec. 21, 2018).................................................................8

*E-Dealer Direct v. Bank of Am., N.A.*,
2021 WL 2115299 (W.D. Tex. May 25, 2021) ...............................................................4

*Embarcadero Techs., Inc. v. Redgate Software, Inc.*,
2018 WL 315753 (W.D. Tex. Jan. 5, 2018) ...................................................................3

*Embry v. Hibbard Inshore, L.L.C.*,
803 F. App'x 746 (5th Cir. 2020) ..................................................................................1

*Firefighters' Ret. Sys. v. Citco Grp. Ltd.*,
855 F.Appx. 902 (5th Cir. 2021)....................................................................................5

*Fox v. Lifemark Sec. Corp.*,
84 F. Supp. 3d 239 (W.D.N.Y. 2015) .............................................................................8

*G.A. Thompson & Co., Inc. v. Partridge*,
636 F.2d 945 (5th Cir. 1981) ........................................................................................5

*Goldstein v. MCI WorldCom*,
340 F.3d 238 (5th Cir. 2003) ......................................................................................10

*Hanson v. Denckla*,
357 U.S. 235 (1958)........................................................................................................3

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

*Ins. Co. of North America v. Morris*,
  981 S.W.2d 667 (Tex. 1998)......................................................................................6

*Johnson v. TheHuffingtonPost.com, Inc.*,
  21 F.4th 314 (5th Cir. 2021) ....................................................................................2

*Laperriere v. Vesta Ins. Grp., Inc.*,
  526 F.3d 715 (11th Cir. 2008) ..................................................................................4

*Lillie v. Office of Financial Institutions State of Louisiana*,
  997 F.3d 577 (5th Cir. 2021) ....................................................................................4

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ....................................................................................2

*Nelson v. Hench*,
  428 F. Supp. 411 (D. Minn. 1977)............................................................................7

*Palmer v. Shearson Lehman Hutton Inc.*,
  622 So. 2d 1085 (Fla. Ct. App. 1993).......................................................................7

*Prymak v. Contemp. Fin. Sols., Inc.*,
  2007 WL 4250020 (D. Colo. Nov. 29, 2007) ...........................................................8

*Sciortino v. CMG Cap. Mgmt. Grp., Inc.*,
  2016 WL 4799099 (E.D. La. Sept. 14, 2016)............................................................2

*Sterling Tr. Co. v. Adderley*,
  168 S.W.3d 835 (Tex. 2005)......................................................................................6

*Thuman v. Dembski*,
  2017 WL 3614522 (W.D.N.Y. Apr. 4, 2017) ............................................................5

*Trujillo v. Volt Mgmt. Corp.*,
  2020 WL 1906097 (W.D. Tex. Apr. 17, 2020)...........................................................9

*Wang v. Prudential Ins. Co. of Am.*,
  2010 WL 1541365 (N.D. Tex. Mar. 16, 2010) ..........................................................3

*Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York*,
  889 F. Supp. 2d 912 (S.D. Tex. 2012) .....................................................................10

*U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*,
  336 F.3d 375 (5th Cir. 2003) ...................................................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980).................................................................................................4

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

## **Rule**

Fed. R. Civ. Pro. Rule 12(b)(3)....................................................................................................9

## **Regulations**

7 Tex. Admin. Code § 115.2(e) ..................................................................................................3

FINRA Rule 1010(a)....................................................................................................................3

FINRA Rule 1010(e)....................................................................................................................3

FINRA Rule 3270 ........................................................................................................................3

FINRA Rule 3280 ........................................................................................................................5

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

**INTRODUCTION**

Plaintiffs' Opposition confirms that PFSI does not belong in this case. PFSI had nothing to do with Plaintiffs, their transactions, or the alleged misconduct by Champion. The only alleged connection between PFSI and this case is that three of the individuals that formed Champion were once affiliated with PFSI. That is far too tenuous to establish jurisdiction over PFSI in Texas or to hold it liable for those individuals' alleged misconduct, especially when Plaintiffs' transactions with Champion occurred *after* those individuals were no longer affiliated with PFSI—a devastating fact that Plaintiffs tellingly fail to address in their Opposition. Plaintiffs' silence speaks volumes. The Court should grant PFSI's Motion to Dismiss.

**ARGUMENT**

**I.      Plaintiffs' Theories of Specific Personal Jurisdiction Fail.**

Plaintiffs concede that the Court lacks general personal jurisdiction over PFSI, and contend only that the Court has specific personal jurisdiction. Dkt. 41 ("Opp.") at 8. But Plaintiffs fail to identify any purposeful Texas-related contacts by PFSI that give rise to Plaintiffs' claims, *see* Dkt. 31 ("Mot.") at 8–9, and none of Plaintiffs' theories of jurisdiction cure this failure.

First, Plaintiffs allege that the Court has specific personal jurisdiction over PFSI simply because Defendant Fruge, a Texas resident, was affiliated with PFSI.[1] Opp. at 10. But courts in this Circuit routinely hold that an employer is not subject to jurisdiction merely because it has employees in the forum. *See, e.g.*, *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 748 (5th Cir. 2020) ("awareness" of employee's residence in forum did not "remotely support[]"

---

[1] Plaintiffs incorrectly characterize Fruge as a former PFSI "employee." Opp. at 10. But the Complaint is clear that Fruge was merely a "registered representative," not an employee, of PFSI. ¶¶ 1, 3, 44.

1

jurisdiction over employer); *Adeniyi v. ContinuumRx, Inc.*, 2025 WL 2176521, at *4 (S.D. Tex. July 10, 2025) ("mere hiring of a remote employee" cannot support specific jurisdiction) (collecting cases), *report and recommendation adopted*, 2025 WL 2175829 (S.D. Tex. July 29, 2025); *Sciortino v. CMG Cap. Mgmt. Grp., Inc.*, 2016 WL 4799099, at *6 (E.D. La. Sept. 14, 2016) ("employment arrangement with a [forum resident] does not satisfy the purposeful availment requirement"). In any event, Plaintiffs allege that there was **no** relationship between Fruge and PFSI at the time of the transactions that give rise to their claims (Mot. at 9)—allegations they conspicuously ignore in their Opposition—so the fact that Fruge previously was affiliated with PFSI is neither here nor there. *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021) ("[A] state cannot use a defendant's forum contacts—even purposeful ones— to invent jurisdiction over claims that do not relate to or arise from those contacts.").

Second, Plaintiffs claim that PFSI purposefully availed itself of the privileges of conducting business in Texas by approving Champion as an "outside business activity" that PFSI allegedly was required to supervise. Opp. at 11. That makes no sense because the Complaint alleges that Champion was based in *Louisiana* at that time. Compl. ¶ 73. Regardless, even if Plaintiff were right that PFSI had a duty to "supervise" the Former PFSI Representatives' outside business activities in Texas, that is insufficient to confer jurisdiction over PFSI. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (supervising business partner's contract performance in Texas "not enough to establish minimum contacts" in Texas).[2]

---

[2] Plaintiffs' case, *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190 (5th Cir. 2019), is inapposite because it involved the company's employees acting *within the scope of their employment*. Opp. at 11–12.

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

Third, Plaintiffs argue the Court may exercise personal jurisdiction over PFSI because it supposedly submitted a Form U-5 to the Texas Securities Commission about Fruge's departure from PFSI. Opp. at 11. But the Complaint does not even plead that such a submission occurred, and for good reason: broker-dealers do not file Form U-5s with state securities regulators, but with FINRA's Central Registration Depository System ("CRD"). *See* FINRA Rule 1010(a), (e); 7 Tex. Admin. Code § 115.2(e) (FINRA members must file through CRD). Therefore, the Form U-5 filing does not constitute purposeful availment. *See also Wang v. Prudential Ins. Co. of Am.*, 2010 WL 1541365, at \*2 (N.D. Tex. Mar. 16, 2010) (Form U-5 filings "cannot be said to result from 'purposeful availment'" in Texas) *report and recommendation adopted*, 2010 WL 1558619 (N.D. Tex. Apr. 19, 2010).

Finally, the Former PFSI Representatives' Texas contacts cannot be "imputed" to PFSI "under agency principles" because they were not acting as agents of PFSI when they operated Champion, let alone when they sold any Champion product to Plaintiffs. Opp. at 12. Plaintiffs' own authority makes clear that an agent must actually be acting on behalf of a principal, and subject to the principal's control, to impute that agent's contacts with Texas to the principal. *See Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588–93 (Tex. App. 2005) (no jurisdiction over principal under agency theory). Here, the only relevant contacts the Former PFSI Representatives had with Texas related to their Champion business, an "outside business activity" that, by definition, was "outside the scope" of their relationship with PFSI. FINRA Rule 3270. Therefore, the Former PFSI Representatives' contacts with Texas cannot be imputed to PFSI. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at \*7 (W.D. Tex. Jan. 5,

2018) (no personal jurisdiction based on agency relationship where principal did not "control[]" the agent's misconduct); *Callier v. Wide Merch. Inv., Inc.*, 671 F. Supp. 3d 736, 747 (W.D. Tex. 2023) (no specific jurisdiction where "offending contacts" were not made as part of agency relationship).

In sum, Plaintiffs' attenuated theories fail to identify any purposeful Texas contacts by PFSI that are connected to Plaintiffs' claims. Accordingly, the Court may not exercise jurisdiction over PFSI. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

## II.     Plaintiffs' Causes of Action Against PFSI Fail.

### A.     Plaintiffs Cannot Salvage Their Control Person Claims Under the TSA.

The Opposition does not overcome PFSI's showing that the Complaint fails to plead that PFSI had the power to control Champion's transactions with Plaintiffs—particularly because those transactions occurred *after* all of the Former PFSI Representatives left PFSI.[3] Mot. at 10–11; *see also Laperriere v. Vesta Ins. Grp., Inc.*, 526 F.3d 715, 723 n.10 (11th Cir. 2008) (control person liability "requires control at the time of the alleged violation; activities and events that occur later cannot support a claim of liability"). The Opposition also does not address the Complaint's vicarious-liability theory of control, Mot. at 12, so that argument is waived. *See E-Dealer Direct v. Bank of Am., N.A.*, 2021 WL 2115299, at *8 (W.D. Tex. May 25, 2021) ("[F]ailure to brief an argument in the district court waives that argument in that court").

Plaintiffs' only theory of control person liability is that PFSI allegedly failed to prevent the Former PFSI Representatives from violating the TSA. Opp. at 14–15. That theory does not work because "the ability to stop a violation is not the same as the power to control it." *Lillie v. Office*

---

[3] Plaintiffs wrongly suggest that PFSI does not dispute that Plaintiffs alleged primary violations of the TSA. *Compare* Mot. at 10, 13.

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

*of Financial Institutions State of Louisiana*, 997 F.3d 577, 586 (5th Cir. 2021) (rejecting control person claim under comparable Louisiana Securities Act provision); *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 317 (5th Cir. 2020) ("ability to prevent [alleged controlled party] from sending misrepresentations . . . is not evidence that [alleged controller] directly or indirectly had the power to direct the management and policies of [alleged controlled party]"); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 855 F.Appx. 902, 905 (5th Cir. 2021) (rejecting control person claim alleging that defendant "knew of the omissions and had the ability to prevent the issuance of the misleading financial statements.").[4]  The fact that FINRA rules impose certain supervisory obligations in some circumstances (Opp. at 5, 10, 16) does not change this conclusion.  *See Thuman v. Dembski*, 2017 WL 3614522, at *11 (W.D.N.Y. Apr. 4, 2017), *report and recommendation adopted*, 2021 WL 1865552 (W.D.N.Y. May 10, 2021) ("Plaintiff cites to no case which holds that a broker-dealer's obligation to supervise its registered representative in accordance with FINRA Rule 3280 displaces or satisfies [the federal control person claim] requirements[.]").

Plaintiffs' theory also lacks any factual support in the Complaint.  Plaintiffs allege that the Former PFSI Representatives refused to respond to PFSI's demands for information about Champion, disobeyed PFSI's prohibitions to market Champion products to PFSI's representatives, and ignored PFSI's warnings that they could not remain registered with PFSI unless they terminated their involvement with Champion.  Compl. ¶¶ 97–98; Ex. A at 3.  If anything, these allegations plead only a *lack* of control.  This claim should be dismissed.[5]

---

[4] Plaintiffs' sole case does not speak to this issue.  *See G.A. Thompson & Co., Inc. v. Partridge*, 636 F.2d 945, 958 (5th Cir. 1981) (control person liability alleged where individual ran day-to-day affairs of company).

[5] Plaintiffs fail to distinguish *Barnes v. SWS Fin. Servs., Inc.*, and incorrectly argue that the broker was not employed by defendant broker-dealer at the time of the relevant transactions.  Opp. at 15; *see* 97 S.W.3d 759, 761, 765 (Tex. Ct. App. 2003) (investors had funds with broker after it became a registered agent of broker-dealer).

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

**B.** **Plaintiffs Fail to State a Claim for Aiding and Abetting.**

The Opposition fails to show that Plaintiffs pleaded a single element of aiding and abetting under the TSA—that PFSI had "general awareness" of the violation, provided "substantial assistance," and intended to deceive or acted with reckless disregard for the truth. Mot. at 13–14.

*General Awareness of Violation.* Plaintiffs ignore that they are required to plead that PFSI was subjectively aware of the alleged securities laws violations by the Former PFSI Representatives. Mot. at 13; *Ins. Co. of North America v. Morris*, 981 S.W.2d 667, 675–76 (Tex. 1998) (no aiding and abetting liability without actual knowledge of violation). Instead, Plaintiffs point to allegations that PFSI *should have known* about those alleged violations. Opp. at 18; Compl. ¶ 17 ("If PFS had properly required [written] submissions, its compliance department *would have unquestionably realized* that the PFS Representatives were engaged in the unauthorized sale of securities.") (emphasis added). Such allegations do not suffice. *See Sterling Tr. Co. v. Adderley*, 168 S.W.3d 835, 842 (Tex. 2005) ("imposition of a duty to investigate…would amount to eliminating scienter as a necessary element in imposing aiding and abetting liability and the substitution of a negligence standard"); Mot. at 13.

*Scienter*. Because Plaintiffs fail to plead that PFSI was even aware of the alleged securities violations by the Former PFSI Representatives, Plaintiffs necessarily fail to plead that PFSI acted with scienter. Mot. at 13–15. There are zero allegations in the Complaint that would support an inference that PFSI intended to deceive Plaintiffs, which is unsurprising because the Complaint does not allege PFSI even knew about Plaintiffs (let alone had a motive to deceive them). *Id.*

*Substantial Assistance*. Plaintiffs also ignore that they must, but have failed to, plead that PFSI actually participated in the transactions that caused Plaintiffs' losses. Mot. at 14. They instead contend that PFSI's acts of approving Champion as an OBA and filing Form U-5s are

6

sufficient to plead substantial assistance. Opp. at 19. Not only do Plaintiffs fail to support that argument with any authority, but controlling case law *rejects* it: engaging in legal and routine business activities does not amount to substantially assisting a violation of the securities laws. *See Crescendo Inv., Inc. v. Brice*, 61 S.W.3d 465, 472–73 (Tex. App. 2003) (no substantial assistance where defendant engaged in routine business activities and did not "assist [primary violator] in selling fraudulent securities or diverting money").[6]

### C. Plaintiffs Fail to Plead Negligence.

The Opposition confirms that Plaintiffs cannot overcome their failure to plead that PFSI owed them a legal duty, that PFSI breached that duty, and that the breach proximately caused their alleged injuries. *See* Mot. at 15–17.

Plaintiffs fail at step one. They contend that PFSI owed duties to them under FINRA rules, but concede that FINRA rules do not create duties to the public as a whole. Opp. at 20 ("Plaintiffs are not claiming that FINRA Rules in and of themselves are duties owed to the public at large."). Plaintiffs attempt to reconcile these irreconcilable positions by pointing to cases stating that FINRA rules "help establish the standard of care for brokerage firms." Opp. at 20–23. But that is only true as to a broker's *customers*, not *all members of the public* like Plaintiffs here—as Plaintiffs' own authority recognizes. Opp. at 20 n.5 (quoting *Nelson v. Hench*, 428 F. Supp. 411, 420 (D. Minn. 1977) ("In essence, the NYSE and NASD have incorporated into their rules one standard by which defendant firms' duty could be measured in a negligence action; *violation of*

---

[6] Plaintiffs' argument that *Crescendo* is distinguishable because it involved "legitimate business activity," Opp. at 19 n.4, is perplexing because approving an OBA and filing U-5s also are legitimate business activities.

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

*rules is evidence of negligence **toward customers**.*") (emphasis added)).[7] Plaintiffs' attempt to expand the reach of FINRA rules should be rejected. *See, e.g.*, *Fox v. Lifemark Sec. Corp.*, 84 F. Supp. 3d 239, 245 (W.D.N.Y. 2015) ("FINRA does not provide a private right of action, thus even if defendants violated FINRA rules, plaintiff cannot recover for negligence based on the alleged violation of FINRA Rule[s]"); Mot. at 16.

Plaintiffs also fail to substantively address PFSI's causation arguments. Mot. at 16–17. Plaintiffs seek to disavow their allegations that they were harmed when Champion's successor did not honor "Champion's guarantees that it would 'buy back' investments from any and all investors," Compl. ¶¶ 13, 20–21, arguing—without any citation to the Complaint—that they pleaded a different harm. Opp. at 23. That is unsurprising because it is fanciful to infer that, when PFSI approved Champion as an OBA, it foresaw that years later Champion would be acquired, the acquirer would not honor a buyback obligation, and Plaintiffs would be harmed as a result. *See* Mot. at 16–17. The Court should hold Plaintiffs to what they pleaded, and reject their tenuous theory of causation.

### D.    Plaintiffs' Fraud Claim is Not Recognized in Texas.

The Opposition does not respond to PFSI's argument that Plaintiffs' aiding and abetting fraud claim is not recognized under Texas law. Mot. at 18. Instead, Plaintiffs make conclusory arguments in support of a direct fraud claim *that was not pleaded*.[8] The Court should reject that

---

[7] Plaintiffs' key authorities do not apply Texas law and are distinguishable. *Palmer v. Shearson Lehman Hutton Inc.*, 622 So. 2d 1085, 1087, 1089 (Fla. Ct. App. 1993) turned on a statutory reporting duty under the *Florida* Securities Act and rejected the plaintiff's common law negligence theory. *Prymak v. Contemp. Fin. Sols., Inc.*, 2007 WL 4250020, *8 (D. Colo. Nov. 29, 2007) turned on a statutory duty under *Colorado* law.

[8] *Compare* Opp. at 23 ("Plaintiffs allege PFSI knowingly reported false and/or misleading information on the PFSI Representative's Form U-5s") *with* Compl. ¶ 225 (PFSI "*materially aided* the PFS Representatives and Weaver in the misleading solicitation and sale of Digital Real Estate and E-Commerce Store securities . . .") (emphasis added).

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

"claim" because "it is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *See Diamond Beach Owners Ass'n v. Stuart Dean Co.*, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019). In any event, Plaintiffs do not even try to plead facts in support of the scienter, reliance, and causation elements of a fraud claim (and their allegations as to other elements are inadequate), so this "claim" would fail even if the Complaint had asserted it.

## III. Plaintiff Daniel Cannot Evade His Obligation to Arbitrate His Claims.

Plaintiff Daniel's attempt to avoid arbitration fails at each step. First, the Court should reject Daniel's efforts to manufacture an "evidentiary issue" concerning his arbitration agreement. Opp. at 23–24. "[A] party challenging the validity of an arbitration agreement must make an unequivocal denial that the agreement was made and produce some evidence supporting the same." *Trujillo v. Volt Mgmt. Corp.*, 2020 WL 1906097, at *2 (W.D. Tex. Apr. 17, 2020) (collecting cases), *aff'd*, 846 F. Appx. 233 (5th Cir. 2021). Daniel does neither, so his objection fails.

Second, Plaintiffs argue that PFSI's motion should be denied because the Court must decide whether PFSI can enforce the arbitration agreement as a nonsignatory. Opp. at 24–25. That is a puzzling argument because PFSI agrees that the Court should decide this issue. *See* Mot. at 20–21. If the Court agrees that PFSI may enforce the agreement, then it should enforce the agreement's delegation clause to let the arbitrator decide whether Plaintiffs' claims are subject to arbitration. *Id.*

Finally, Plaintiffs' arguments that PFSI cannot enforce the arbitration agreement apply the wrong law. Plaintiffs rely solely on Texas and Fifth Circuit law, Dkt. 40 at 19–21, but Daniel's agreement is governed by Arizona law. *See* Mot. at 20; Ex. B §§ 10.4, 10.4(B). Because there is

no dispute that PFSI can enforce the agreement under Arizona law, the Court should dismiss Daniel's claims in favor of arbitration under Rule 12(b)(3).

**CONCLUSION**

The Court should grant PFSI's Motion with prejudice.  Plaintiffs' request for leave to amend should be denied because they merely "tack[] on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss."  *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003); *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought— does not constitute a motion within the contemplation of Rule 15(a).") (citation modified). Plaintiffs do not explain how they can cure their pleading failures because they cannot.  PFSI is a Georgia company that is not subject to jurisdiction in this Court, and PFSI had nothing to do with Plaintiffs' transactions with Champion.  Amendment would be futile, and the Court should dismiss PFSI from this case for good.  *See Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York, Inc*., 889 F. Supp. 2d 912, 925 (S.D. Tex. 2012) (denying leave where plaintiffs failed to show amendment would cure deficiencies).

Dated: February 25, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Brian M. Lutz*
BRIAN M. LUTZ (*Pro Hac Vice*)
MICHAEL J. KAHN (*Pro Hac Vice*)
One Embarcadero Center #2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

COLLIN J. COX (Attorney-In-Charge)
Texas Bar No. 24031977
SDTX Federal No. 654469
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
Facsimile: (346) 718-6620
CCox@gibsondunn.com
*Attorneys for Defendant PFS Investments Inc.*

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brian M. Lutz*
Brian M. Lutz

DEFENDANT PFS INVESTMENTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS